THE STATE, EX REL. JAMES HAHNE, PROSECUTOR, v. JUVENILE COURT OF ESSEX COUNTY, RESPONDENT.

Submitted June 2, 1927—Decided November 25, 1927.

**Children—Abuse and Failure to Support—Defendant Convicted in Juvenile Court—Complaint and Minutes of Court Examined—Held, That Complaint was Rather Informal to Say the Least, and That the Confusing and Imperfect Record Reveals No Evidence That the Defendant was Charged With the Care of the Child—Other Criticisms on Record.**

On *certiorari*, &c.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Jacob L. Newman* (*Lionel P. Kristeller*, on the brief).

PER CURIAM.

James Hahne, the prosecutor of this writ, was arrested on a charge that "being the parent, guardian or person having the care, custody or control of the minor herein named, did abuse, abandon and was cruel to and neglectful of said minor, named James, seven, by failing to support said child contrary to the provisions of 'An act concerning the welfare of children, approved April 8th, 1915, and the supplements thereto and amendments thereof.' "

It must be conceded that this complaint was rather informal to say the least.

The minutes of the court laid before us are likewise rather remarkable. The "copy" thereof, after setting forth that "Mrs. Lila Merkel, the petitioner in the above entitled case, this day appearing, the court did *look over all the papers*," and then concludes "whereupon the court did *not* decide this case and the court did adjudge the defendant, James Hahne, to be guilty *or* neglect and cruelty to his child, James, aged seven years; whereupon the court did order that the said defendant

be committed to the care and custody of the probation officer of Essex county for a period of one year on condition that he pay the sum of $10 a week for the support of said child."

Much fault is found by the prosecutor of this writ with this conviction. For present purposes it is sufficient to say that our examination of the confusing and imperfect record laid before us results in the conclusion that the order and conviction is not supported by any legal evidence. There was, so far as we perceive, no evidence that Hahne was either the parent of the child or that he was its guardian, or that he ever had the care, control or custody of such child, whom it seems was the son of Hahne's former wife (from whom he had long been divorced), born before her marriage to Hahne; nor was there any evidence of cruelty on his part.

The conviction and order brought up will be set aside, without costs.